Good morning, everyone. Judge D'Alba and I are happy to be sitting here in Phoenix, and we are pleased to also welcome Judge Gutierrez, who is sitting by designation from the Central District of California. We appreciate his help and glad that he's here with us. We have one case that's being submitted today without oral argument, and that is Boutron v. Garland, and we will hear four cases, which we'll take up in the order they appear on the calendar. We'll hear argument first in Martin v. United States. Counsel, are you ready? All right, Mr. McDonald, you may begin. Good morning, Your Honors. Randy McDonald on behalf of the petitioner Joseph Martin. I'd like to reserve a couple of minutes for rebuttal, if I may. You'll keep your own time. So this case raises, or I have briefed two issues in this case, one relating to the availability of equitable tolling, which is the certified issue, and the other issue is related to the question of whether the one-year statute of limitations should apply in this case, given it challenges subject matter jurisdiction. I will limit my comments to the equitable tolling argument, but I'm happy to answer questions related to the argument relating to subject matter jurisdiction. So, Counsel, let me go ahead and ask then, what is the correct deadline under the equitable tolling in this case, in your opinion? So I think that's a difficult question to answer, given what was happening in this case. I think that, you know, the case law says that something has to be going on throughout the period of time prior to the filing, and I think certainly in this case something was going on throughout the period of time, that the district court found that at least up until August 19th of 2019, the petitioner was entitled to equitable tolling because his appellate attorney, who he had hired to file a brief in the Supreme Court, had actively lied to him about whether that brief had been filed, that he did discover that on August 19th, and that he did take some steps after that to remedy it. After that, I think a number of other factors this Court should consider lead to the conclusion that equitable tolling is appropriate here. First off, there was the issue of whether Mr. Martin or his substitute counsel were able to get the full record from trial counsel, and there's, in the record there are some What was in the record that would have made a difference? I'm sorry? What was in the record that would have made a difference, since he didn't have all the information he needed? There was a claim in the 2255 relating to an ineffective assistance of counsel for failure to call a particular witness, and I think the trial counsel's file would certainly be relevant as to why trial counsel had failed to call that witness, and there's some emails back and forth in the record that indicate that some of the file may have been presented, but some of it may have not. There was a reference in one of the emails from trial counsel that she was seeking an ethics opinion from the State Bar as to how much of the trial file could be turned over because it was subject to a joint defense agreement. So counsel, correct me if I'm wrong on this. I have that by June of 2020, he received, Martin had received all the documents necessary for the 2255 petition, so is that our date? So I think that it appears that Mr. Martin had received the relevant files. Mr. Martin or his successor counsel had received the relevant files on or about that date, but what happened after that date was that his successor counsel, so he had to fire the counsel who had lied to him, obviously. Mr. Martin's family had moved back to Wisconsin. This part is not in the record. I admit that the record here is something less than a picture of clarity because Mr. Martin's family moved back to Wisconsin and had consulted with an attorney in Wisconsin to assist with the 2255 and that attorney helped them create the draft of the motion that was ultimately filed and the motion is dated April 2nd of 2020 if you look on 2ER248. So the motion that would ultimately not be filed until January of 2021 was at least prepared by April of 2020 with the help of this Wisconsin lawyer, but the Wisconsin lawyer said, look, I'm not licensed in the Ninth Circuit. I can't help you there. You have to find a counsel who... That was two months before he got the entire file. Yes, so he had prepared the bare bones motion alleging the claims that he believed he had, but he did not file it because, you know, he still needed to obtain the entire file. He still needed to obtain counsel in Arizona or ultimately California who was licensed to practice here in the District of Arizona and the Ninth Circuit. And so with the assistance of this Wisconsin attorney, he prepared the motion and then found an attorney who was licensed in the Ninth Circuit and that attorney told him effectively that what he was trying to do was not a 2255, that instead he ought to seek an unavailable civil remedy, that he should file a Rule 60B motion in the court. So I understand that one of your arguments is that he didn't file the 2255 motion because he was told by this counsel that he needed to concurrently file the Rule 60 motion. But in the end, he filed just the 2255 motion. So I don't really quite understand this argument because if that really was doing any work, he would have filed both and then said, look, I was waiting because I was told I needed to file both. So he was told that he needed to file the Rule 60 first. And at some point, and again, it's not exactly clear in the record at what point and how he discovered this, but at some point he did discover that he could file both concurrently despite the fact that his counsel had been representing to him, no, you have to exhaust these remedies that you have to And then he didn't? He didn't, you are correct, that at some point he discovered on his own that he was able to file both of these things concurrently. And in fact, eventually, after having filed the Rule 60B and it having been appealed to this court, this court ultimately said, no, the 60B is not a remedy that you can file in a criminal court. And so that's why I think the Thomas case from the Eleventh Circuit is relevant because in that case, similarly, a petitioner had failed to file a 2255 because the counsel believed that they were trying to get case law that the EDPA one-year statute of limitations was unconstitutional. I think similarly here, although the record is not, again, entirely clear as to why appellate counsel decided to pursue the Rule 60B, I think there's at least the suggestion that, you know, she thought that this civil remedy was the correct way to go despite the lack of any case law suggesting that it was applicable in a criminal case and that she actively prevented or told Mr. Martin that he could not file a 2255 concurrently with that Rule 60B. And I think it's relevant that in the Thomas case, there had initially been a remand back to the district court to do a little bit more fact-finding about specifically why the counsel had given that incorrect advice as to the deadline for EDPA and that there had been some additional fact-finding as to whether that constituted an abandonment by counsel. In Thomas, they're trying to set up a challenge to the statute of limitations. Yes. That's what the lawyer's motivation – there's no evidence in this case what the lawyer's motivation was in terms of challenging case law. I agree that there's no evidence in the record, and that's why I think perhaps a limited remand for purposes of an evidentiary hearing on why counsel was giving him that advice is appropriate, just as happened in Thomas. So Thomas was returned to the Eleventh Circuit after an initial remand. I see that I have two minutes remaining. I'd like to reserve some time. Thank you. Thank you. Ms. DeLorde, you may begin when you're ready. Okay. May it please the Court, my name is Carla Hodes DeLorde, representing the United States. To answer Judge DeAlba's first question, when the statute of limitations ran in this case, on August 19, 2019, the defendant received notice that his attorney did not properly file the cert petition, and his case was dismissed. It was at that point that the one-year statute of limitations began running, and so then it expired on August 19, 2020. The defendant has not shown or demonstrated that he is entitled to equitable tolling, because no extraordinary circumstances exist, and he did not exercise any reasonable diligence in filing his 2255 petition. Instead of pursuing a 2255 motion, the defendant instead, in the first half of 2020, pursued and filed a complaint against his appellate attorney in the Texas State Bar, and in that complaint to the Texas State Bar, he acknowledged that he knew the importance of timely filing a 2255 petition, yet he failed to do so. What do you say to the argument that your friend on the other side made that, in fact, he had prepared the 2255 motion in April of 2020, that it just wasn't filed due to these circumstances relating to finding local counsel, etc.? Well, that shows two things, Your Honor. First, it shows that there were no extraordinary circumstances that prevented him from timely filing it, and it also shows that he was not reasonably diligent in filing it. I know counsel mentioned the record, not obtaining the record from trial counsel, and a series of emails going back and forth, but if you look at the record and the 2255 form itself and the memo supporting it, it's clear that the defendant did have the record from trial counsel. Trial counsel had sent an email January 6th stating, I will get whatever I have to you this week. Then on April 1st, she followed up with another email that said, I just sent you a Dropbox link for all of the documents in my computer. Then the form 2255 petition was dated the next day, April 2nd, 2020. Thereafter, on June 1st, trial counsel sent the defendant's family the documents related to the witness, Nicholas Broccoli. And in that email, also stated that she was seeking an ethics opinion from the State Bar as to whether she could turn over the investigative reports that were made pursuant to a joint defense agreement, and that she would follow up on that. The record does not indicate or does not specify at what date those documents were turned over, but if you look at the 2255 memo, that's at, the memo is at 2ER248. There, the, oh, I apologize, it's 2ER20. In the 2255 memo, the defendant added a new claim that was not in the 2255 form itself, and that claim was ineffective of assistance of counsel for failure to obtain the investigative reports. And then in that claim, he states, through the investigator's reports, it's apparent Nicholas Broccoli was an important defense witness. So that indicates that the defendant did have all the records from trial counsel. In addition, the defendant knew the substance of this testimony regarding Nicholas Broccoli. And we know that because in the underlying criminal case, the trial counsel had filed a motion to allow the witnesses to appear by videoconference, by teleconference. And that's because Nicholas Broccoli, his dad and brother were having problems with their passports and they weren't, wouldn't, didn't know if they would be able to travel from Germany. And in that motion, trial counsel set forth the relevance and substance of what Nicholas Broccoli's testimony was going to be. And in response to that motion, the government submitted the sworn statement of Nicholas Broccoli. So the defense knew what the, the defendant knew what the substance of his testimony would be and could put it in his 2255 motion. And defendant has not shown what else prevented him from putting anything in his 2255 motion and timely filing it. And with respect to the advice from counsel regarding filing a Rule 60 as opposed to Rule 2255, as Judge Desai pointed out, nothing prevented the defendant from filing a Rule 2255. He filed it six weeks before the Rule 60 motion and he also filed after that a motion to stay the 2255 proceedings. So nothing prevented the defendant from pursuing the 2255 motion in this case. There were no extraordinary circumstances and defendant has not shown that he acted with any reasonable diligence in filing his petition lately, so. If the court has no further questions, we ask that you affirm the denial of the 2255 for being untimely. Thank you. Thank you. So, Your Honors, I think it's important to remember that filing a 2255, you have to include all of the claims that you could potentially know about or else they run the risk of being time barred. And so I don't think that the question of whether he knew enough to file on these particular claims is necessarily the relevant question, but whether he had enough from the trial file to do a thorough review of any potential claims that he might have had under 2255 in order to file, because he would have needed to file on all of his claims within that one year statute of limitations. And if he filed a petition that included only those claims that he knew about based on the record that he had at the time, he would be running the risk of waiving other potential claims that he would have had. He still would have had time to amend his petition before the statute. Well, I guess that's an open question based on when the statute of limitations would have run in this case, because he can only amend his petition to add new claims within that statutory one year period. That would have been August of 2020. Assuming that none of the stuff that had happened after the August 19th, his discovery that his counsel had not filed the Supreme Court, I agree that absent anything else that followed that, that would have been the deadline. But again, I think I would submit that there was enough happening in this case that warranted equitable tolling beyond that. Is there no more questions? Thank you. Thank you, counsel. This matter is now submitted.
judges: DESAI, ALBA, Gutierrez